ISHEE, J., for the Court:
¶ 1. In 2012, Terrance Hudson was convicted in the Lincoln County Circuit Court of possession of cocaine with intent to distribute. He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with nine years suspended and six years to serve. After his post-trial motion for a new trial or, in the alternative, a judgment notwithstanding the verdict (JNOV) was denied, Hudson filed the present appeal. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. In 2011, Deputy Keith Dickerson, a narcotics agent with the Lincoln County Sheriffs Department, was present in Brookhaven, Mississippi, with Jimmy Williams, an informant, during a sting operation. Deputy Dickerson witnessed Williams call Hudson, heard him request to purchase crack cocaine from Hudson, and heard him give Hudson a meeting place to conduct the transaction. Deputy Dickerson and Williams then waited for Hudson’s arrival in a motel room in Brook-haven.
¶ 3. A short time later, Hudson knocked on the door. Deputy Dickerson let him into the motel room. When Hudson entered the room, Deputy Dickerson immediately pointed a taser at him and told him to drop to the floor. Hudson complied, and as he knelt to the ground, he dropped a small bag containing a white substance. Deputy Dickerson retrieved the bag and attempted to arrest Hudson. However, Hudson successfully fled from Deputy Dickerson and was not apprehended.
¶4. Other narcotics agents had been posted outside of the motel room and observed Hudson’s arrival. Hudson had pulled into the motel’s parking lot in a vehicle with several other people inside. *694 After Hudson escaped, the other narcotics agents questioned the persons remaining in Hudson’s vehicle. The information gained from the interviews led the agents to several suspects. After reviewing the suspects’ photographs, Deputy Dickerson was able to positively identify Hudson as the culprit. Hudson was then arrested and charged with possession of cocaine with intent to distribute.
¶ 5. At trial, Deputy Dickerson, Williams, and one of the men who rode with Hudson to the motel that night testified for the State. The jury returned a guilty verdict, and Hudson was sentenced to fifteen years in the custody of the MDOC, with nine years suspended and six years to serve. Lacking the means for appellate counsel, his appeal was assigned to the Office of State Public Defender, Indigent Appeals Division. However, his appellate counsel avers there are no arguable issues for appellate review.
DISCUSSION
¶ 6. The case of Lindsey v. State, 939 So.2d 743 (Miss.2005), governs this appeal. In Lindsey, the Mississippi Supreme Court promulgated procedures that an attorney must follow when the “appellate counsel represents an indigent criminal defendant and does not believe his or her client’s case presents any arguable issues on appeal[.]” Id. at 748 (¶ 18).
¶ 7. When this situation arises, an attorney must:
(1) [Fjile and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(l)-(4), (7);
(2) [C]ertify [in the brief] that there are no arguable issues supporting the client’s appeal, and [that the attorney] has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing[; and]
(3)[S]end a copy of the brief to the defendant, inform the [defendant that] counsel could find no arguable issues in the record, and advise the [defendant] of his or her right to file a pro se brief.
Id. (citations omitted).
¶ 8. Hudson’s counsel complied with the requirements of Lindsey. Having reviewed the record, we cannot find any arguable issue for appeal or reversible error committed at the trial level. As such, we affirm Hudson’s conviction and sentence.
¶ 9. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH NINE YEARS SUSPENDED AND SIX YEARS TO SERVE, AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND A $5,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ, BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.